UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
                                        Plaintiff, )
                       v. )

REAL CONSTRUCTION LLC )
124 Chestnut Street )
Philadelphia, Pennsylvania 19106, )
                                      Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance

with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant Real Construction LLC is a Pennsylvania corporation and has a place of business at 124 Chestnut Street, in Philadelphia, Pennsylvania, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound to and signatory at all relevant times to a Collective Bargaining Agreement with International Union of Operating Engineers Local

Union No. 542-C and a Participating Agreement that govern the wages, benefits and terms and conditions of employment of covered employees performing work covered by the Agreements.

7. Pursuant to the Agreements, Defendant agreed to pay to the Plaintiff a certain sum of money for each hour paid to employees performing work covered by the Agreements.

8. During the months of April 2014 through December 2016 Defendant employed employees performing work under the Agreements.

9. During these months the Defendant failed to pay to the Plaintiff all of the contributions, interest and liquidated damages owed under the Agreements.

10. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all costs and attorneys' fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. The Defendant has failed to pay all contributions owed to the Plaintiff as required by the Agreements for the months of April 2014 through December 2016. For the months of April 2014 to October 2016 the amount of contributions owed is $11,132.75.

15. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust and Section 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff.

17. The Plaintiff is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed, plus costs and attorneys' fees to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment on Count I against Defendant as follows:

A. For contributions due and owing to the Plaintiff for the months of April 2014 through December 2016.

B. For liquidated damages and interest for any late paid and unpaid contributions owed as provided for in the Agreements, Restated Agreement and Declaration of Trust, and pursuant to 29 U.S.C. § 1132(g)(2), through the date of judgment.

C. Costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Participating Agreement, and the Restated Agreement and Declaration of Trust through the date of judgment.

D. Such further relief as the Court deems appropriate.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: January 11, 2017     By: | _____ |
| | R. Richard Hopp (Bar No. 432221) |
| | **O'DONOGHUE & O'DONOGHUE LLP** |
| | 4748 Wisconsin Avenue, N.W. |
| | Washington, D.C. 20016 |
| | Telephone: (202) 362-0041 |
| | Facsimile: (202) 237-1200 |
| | rhopp@odonoghuelaw.com |

*Attorney for the Plaintiff*